## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00176 PA (PJWx) | Date | January 11, 2012 |
|---|---|---|---|
| Title | Robert J. Coffey, et al. v. Merrill Lynch, Pierce, Fenner & Smith, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Defendant") on January 6, 2012. In its Notice of Removal, Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiffs Robert J. Coffey, individually and as trustee for the Robert & Lulu Coffey Living Trust, Lulu Coffey, individually and as trustee for the Robert & Lulu Coffey Living Trust, and Robert J. Coffey, as trustee of the Scott P. Keil Trust U/w, Fbo Douglas Keil, Kaura L. Keil, and Valerie L. Keil (collectively, "Plaintiffs") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

I.   Legal Standard: Removal Based on Diversity of Citizenship

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00176 PA (PJWx) | Date | January 11, 2012 |
|---|---|---|---|
| Title | Robert J. Coffey, et al. v. Merrill Lynch, Pierce, Fenner & Smith, Inc. | | |

necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

Although Plaintiffs have not yet moved to remand, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004). Parties cannot agree to nor can they "waive" a lack of such jurisdiction. Id. at 966-67. Courts may consider the issue *sua sponte*. Demery v. Kupperman, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has repeatedly emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593, 124 S. Ct. 1920, 1937, 158 L. Ed. 2d 866 (2004) (quoting United States v. So. Cal. Edison Co., 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)). For the reasons that follow, the Court finds that Defendant's Notice of Removal is facially deficient and remands this case to the Los Angeles Superior Court.

II.     Analysis

      A.     Allegations of Plaintiffs' Citizenship are Deficient

With regard to Plaintiffs' citizenship, the Notice of Removal alleges only that Plaintiffs, "at the time of the filing of this action, were, and still are, individuals and residents of the County of Ventura, State of California." (Notice of Removal ¶ 5.) Moreover, nothing in the Petition to Confirm, Correct, or Vacate Contractual Arbitration Award states even Plaintiffs' residence, let alone establishes their domicile. Because the only support for Defendant's allegation of Plaintiffs' citizenship is an allegation of residence, and residence is not the same as citizenship, the Notice of Removal's allegations are insufficient to establish Plaintiffs' citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; see also Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

      B.     The Amount in Controversy Does Not Exceed $ 75,000

In order to establish federal jurisdiction under § 1332, Defendant must also establish that the amount in controversy exceeds $ 75,000. 28 U.S.C. § 1332. This it cannot do.

In this action, Plaintiffs seek to vacate an arbitration award entered on October 3, 2011. Plaintiffs sought an award of $222,142.00 from Defendant on the grounds that Defendant's broker had recommended unsuitable securities for Plaintiffs' trust accounts. Plaintiffs' claims were rejected, and

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-00176 PA (PJWx) | Date | January 11, 2012 |
|---|---|---|---|
| Title | Robert J. Coffey, et al. v. Merrill Lynch, Pierce, Fenner & Smith, Inc. | | |

Plaintiffs were awarded nothing. Defendants likewise were awarded nothing. Based on alleged biases of the lead arbitrator, Plaintiffs filed a Petition to Confirm, Correct, or Vacate Contractual Arbitration Award (the "Petition") in California state court on December 23, 2011. In that Petition, Plaintiffs seek only to vacate the arbitration award. No other type of relief (such as reopening the arbitration or damages for related violations of law) is requested. (See Notice of Removal, Ex. A (Petition), at 3.) Nonetheless, based on the fact that Plaintiffs requested an award at the underlying arbitration of $222,142.00 (an amount which is noted in the Petition), Defendants claim that the amount in controversy is met. (Notice of Removal, ¶ 6.)

In Theis Research, Inc. v. Brown & Bain, 400 F.3d 659, 661 (9th Cir. 2005), the Ninth Circuit was asked to determine whether the amount-in-controversy requirement for diversity jurisdiction was "measured by the amount of the [arbitration] award or by the amount in dispute in the underlying litigation between the parties." The plaintiff had moved to vacate an arbitration award of zero dollars, and at the same time the plaintiff also filed a complaint seeking damages for substantially the same claims asserted in the underlying arbitration. Id. The panel held that the amount in controversy was met because the plaintiff was seeking to obtain $200 million in damages, which equated to a request to reopen its arbitrated claims: "Although [neither party has] asked that the arbitration proceedings be reopened, Theis sought to obtain by its district court complaint substantially what it had sought to obtain in the arbitration. Theis simply chose to 'reopen' its claims in the district court rather than in arbitration." Id. at 665.

In reaching its conclusion, the Theis Research court noted that although there is a split among the circuits on this issue, in general "the cases have turned upon whether the party seeking to vacate an arbitration award also sought to reopen the arbitration." Id. at 664 (citing cases). The court cited Baltin v. Alaron Trading Corp., 128 F.3d 1466 (11th Cir. 1997), in which the court found the amount in controversy was not met where the plaintiffs sought to vacate an arbitration award requiring them to pay $36,284.69 but did not seek to reopen arbitration, because "[t]he maximum remedy sought by the Baltins was the vacatur of the arbitration award" which did not meet the jurisdictional minimum. Theis Research, 400 F.3d at 665.

The same result was reached in Ford v. Hamilton Investments, Inc., 29 F.3d 255 (6th Cir. 1994), because the plaintiffs sought only to vacate a $30,524 arbitration award and neither party sought additional damages. Theis Research, 400 F.3d at 665. The court in Ford "was quite clear that had the losing party sought to challenge the arbitrator's denial of that party's counterclaims," which were valued over the jurisdictional minimum, then the amount in controversy would have been met. Id. (citing Ford, 29 F.3d at 260); accord Peebles v. Merrill Lynch, Pierce, Fenner & Smith Inc., 431 F.3d 1320 (11th Cir. 2005) (holding amount in controversy was met where plaintiff sought to vacate a zero-dollar award and requested a new hearing before a different arbitration panel where he would seek recovery of up to two million dollars).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00176 PA (PJWx) | Date | January 11, 2012 |
|---|---|---|---|
| Title | Robert J. Coffey, et al. v. Merrill Lynch, Pierce, Fenner & Smith, Inc. | | |

      Accordingly "[w]hen a petitioner seeks confirmation or vacatur of an award, without seeking a remand for further arbitration proceedings, 'the amount in controversy is the value of the award itself to the petitioner.'" Hansen Bev. Co. v. DSD Distribs., 2008 U.S. Dist. LEXIS 101022 (S.D. Cal. Dec. 12, 2008) (quoting N. Am. Thought Combine, Inc. v. Kelly, 249 F. Supp. 2d 283, 285 (S.D.N.Y. 2003)). If Plaintiffs obtain all the relief requested in their Petition, they will receive zero dollars. Likewise, Defendant will receive zero dollars. Thus, this case differs significantly from Theis Research and others where the amount-in-controversy requirement was satisfied by reference to damages sought in the underlying arbitration. In the present case, neither of the parties are asking this Court for an order reopening arbitration or awarding damages. Instead, Plaintiffs simply request an order vacating a zero-dollar arbitration award. Thus, the amount in controversy does not satisfy the jurisdictional minimum. See,e.g., Theis Research, 400 F.3d at 664 (finding that "the amount in controversy is the amount [plaintiff] sought to recover by its complaint"); Hansen, 2008 U.S. Dist. LEXIS 101022, at * 15-17 (dismissing case for want of diversity jurisdiction where plaintiffs sought to vacate arbitration award of zero dollars without requesting reopening of arbitration); Dyrdal v. Enbridge (U.S.), Inc., 738 F. Supp. 2d 927, 932 (D. Minn. 2010) (same).

## Conclusion

      For all the foregoing reasons, Defendant has failed to meet its burden to establish the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. BS 135308. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.